# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DARYL B. KIDDEY, ) | CASE NO. 5:21-cv-1829 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | OPINION & ORDER OF |
| ) | TRANSFER |
| TRANSPORTATION SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the unopposed motion of defendant Transportation Security Administration ("TSA") to dismiss, pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue. (Doc. No. 4; Doc. No. 4-1 (Memorandum in Support).) For the reasons that follow, the motion is granted in part, and the action is transferred to the Southern District of Iowa.

## I. BACKGROUND

On October 14, 2018, TSA hired plaintiff Daryl Kiddey ("Kiddey") as a transportation security officer at the Des Moines International Airport, located in Des Moines, Iowa. (Doc. No. 1 (Complaint) at 3[1]; Doc. No. 1-3 (Termination Letter) at 1.) On November 30, 2018, TSA terminated Kiddey's employment ostensibly because "[m]anagement [had] lost confidence with [his] ability to perform screening procedures" properly. (Doc. No. 1-3 at 1–2, citing examples; Doc. No. 1 at 4.) According to the complaint, Kiddey filed a charge with the Equal Employment

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Opportunity Commission on July 15, 2021, and was issued a Right to Sue letter, which Kiddey received on September 21, 2021.[2] (Doc. No. 1 at 5.)

On September 27, 2021, Kiddey filed *pro se* a federal action claiming that TSA violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. (Doc. No. 1 at 3.) In particular, he cites his belief that he was discriminated against on the basis of a disability or perceived disability; namely, his attention deficit hyperactivity disorder ("ADHD"). (*Id*. at 4.) As the impetus for this claim, Kiddey cites his termination from the TSA on November 30, 2018, and the "[u]nequal terms and conditions of [his] employment." (*Id*.)

TSA filed the present motion to dismiss for improper venue, or, in the alternative, to transfer the case to the Southern District of Iowa under 28 U.S.C. § 1404(a). (Doc. No. 4-1 at 5.) A copy of the motion was mailed to Kiddey at the address identified by Kiddey in the complaint. (Doc. No. 4 at 2.) Kiddey did not file any opposition to the motion, and the time for filing such an opposition has passed.

**II.    DISCUSSION**

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss a case for improper venue. *See At'l Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W.D. of Tex*., 571 U.S. 49, 50, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). "The Sixth Circuit has not spoken on who bears the burden of proof on a Rule 12(b)(3) motion; other circuits, however, place the burden on plaintiff." *Huang v. Ohio State Univ*., No. 18-cv-12727, 2019 WL 2120968, at *2 (E.D. Mich.

---

[2] Documents attached to the complaint indicate that, in 2019, Kiddey also filed a claim against the United States under the Federal Tort Claims Act ("FTCA") "in the amount of $10,000,301.05 based on the alleged negligent or wrongful acts or omissions of TSA personnel[.]" (Doc. No. 1-3 (Letter from TSA Chief Counsel, Aug. 27, 2020).) The claim was ultimately denied on April 1, 2021. (Doc. No. 1-3 (Final Agency Action Letter, Apr. 1, 2021).)

May 14, 2019) (citing *Anonymous v. Kayne*, No. 95-9295, 1996 WL 734074, at *2 (2d Cir. 1996)); *see Milner v. Wormuth*, No. 5:22-cv-74, 2022 WL 2705257, at *1 (W.D. Ky. July 12, 2022) (citation omitted); *Langton v. Cbeyond Commc'n, L.L.C*., 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003).

When a defendant moves to dismiss for want of proper venue, the Court must accept the plaintiff's well-pleaded factual allegations as true and "draw all reasonable inferences from those allegations in the plaintiff's favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009) (quotation marks and citations omitted). "The court need not accept the plaintiff's legal conclusions as true, however, and may consider material outside of the pleadings." *Id*. (citations omitted); *see Knope v. Mich. State Nurses Ass'n of Am. Nurses Ass'n*, No. 19-cv-13257, 2020 WL 4934319, at *2 (E.D. Mich. Aug. 24, 2020) (noting that "if the defendant provides specific facts that defeat a plaintiff's assertion of venue, then those facts will override the plaintiff's contradicted allegations") (quotation marks and citations omitted).

If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than to dismiss them." *Whipstock v. Raytheon Co*., No. 07-cv-11137, 2007 WL 2318745, at *2 (E.D. Mich. Aug. 10, 1007) (quoting § 1406(a) and citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)).

At the outset, the Court notes that Kiddey incorrectly brought his disability discrimination claim under the ADA. "The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability." *Plautz v. Potter*, 156 F. App'x 812, 815

(6th Cir. 2005) (citations omitted). Because Kiddey was a federal employee, the Court will construe his ADA claim as arising under the Rehabilitation Act, 29 U.S.C. § 791, *et seq*.

The determination of venue for claims under the Rehabilitation Act is governed by Title VII's venue provisions, 42 U.S.C. § 2000e-5(f)(3). *See Bonnett v. U.S. Dep't of Agric.*, No. 20-cv-60562, 2020 WL 12584127, at *1 (S.D. Fla. Oct. 27, 2020) (citation omitted); *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 299 (D.D.C. May 16, 2018) (citation omitted); *Robinson v. Potter*, No. 04-cv-0890, 2005 WL 1151429, at *2 (D.D.C. May 16, 2005) (collecting cases). Under that statutory provision, a plaintiff may bring a discrimination claim in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *Robinson*, 2005 WL 1151429, at *2 (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.D.C. 1969)). "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper." *Spencer v. Rumsfeld,* 209 F. Supp. 2d 15, 17 (D.C. Cir. 2002).

Kiddey's complaint is devoid of any representations regarding the propriety of venue in the Northern District of Ohio. TSA argues, however, that the undisputed facts that are evident from the complaint and properly considered exhibits clearly show that venue does not lie in this judicial

district. In particular, TSA observes that all of the alleged discriminatory acts—including Kiddey's termination on November 30, 2018—occurred at the Des Moines International Airport in Des Moines, Iowa. (Doc. No. 1 at 3; Doc. No. 1-3 at 1–2.) Second, the employment records relevant to the alleged unlawful employment practices are located in Des Moines, Iowa. (Doc. No. 4-2 (Declaration of Charles Kielkopf) ¶ 3.) Third, Kiddey does not allege that he would have worked in Ohio but for the alleged unlawful employment practice. Fourth, TSA has its principal office in Virginia. (*Id*. ¶ 4.) In fact, the only connection this case appears to have to Ohio is that Kiddey now resides here. (*See* Doc. No. 1 at 1.) A plaintiff's residence in the judicial district, however, does not satisfy the venue requirements of § 2000e-5(f)(3). Although Kiddy understandably wishes to pursue his claims in the judicial district where he now resides, he cannot create venue where it does not otherwise exist.

Having determined that venue does not properly lie in the Northern District of Ohio, the Court must consider whether it should dismiss the action or transfer it. *See* 28 U.S.C. § 1406(a). The Court recognizes that a two-year statute of limitations governs Rehabilitation Act claims filed in Ohio and Iowa. *See McCormick v. Miami Univ*., 693 F.3d 654, 662 (6th Cir. 2012) (Ohio's personal injury statute provides for a two-year statute of limitations for Rehabilitation Act claims brought in Ohio) (citations omitted); *Dominguez v. City of Council Bluffs, Iowa*, 974 F. Supp. 732, 738 (S.D. Iowa 1987) (Two-year statute of limitations, found in Iowa Code § 614.1(2), applies to Rehabilitation Act claims brought in Iowa) (citations omitted). While the Court makes no determination as to the timeliness of the present action, the time-sensitive nature of Kiddey's claim suggests that the interest of justice would best be served by transferring the case to an appropriate venue.

### III. Conclusion

For the foregoing reasons, TSA's motion to dismiss for improper venue is granted in part, and this case is transferred to the United States District Court for the Southern District of Iowa.

**IT IS SO ORDERED**.

Dated: August 19, 2022

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**